UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-22724-CIV-SCOLA/GOODMAN

ROGELIO FERNANDEZ,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON PLAINTIFF'S
UNOPPOSED MOTION FOR ATTORNEY'S FEES**

Plaintiff Rogelio Fernandez filed an Unopposed Motion for Attorney's Fees. [ECF No. 20]. Plaintiff seeks $6,625.59 in attorney's fees and $402.00 in costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The motion indicates that the request for fees is unopposed. [ECF No. 20]. Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(a), the Court has discretion to require the defendant to pay the attorney's fees when the plaintiff is the prevailing party. According to the Clerk's directive in these types of administrative appeals, all dispositive matters have been referred to the Undersigned for a Report and Recommendations. [ECF No. 2].

Upon review of the petition and the record, the Undersigned finds that the requested fees and costs are reasonable. Accordingly, the Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's Unopposed Motion for Attorney's Fees and award Plaintiff **$7,027.59** in attorney's fees and costs, contingent upon a determination by the Commissioner that Plaintiff owes no qualifying, preexisting debt(s) to the Government.

I. BACKGROUND

Plaintiff filed this action seeking to reverse the final decision of the Commissioner, who denied Plaintiff's claim for social security disability benefits. [ECF No. 1]. Plaintiff Rogelio Fernandez filed a motion for summary judgment. [ECF No. 17]. The Commissioner then filed a motion to remand the action under 42 U.S.C. § 405(g). [ECF No. 18]

The District Court granted the Commissioner's Motion to Remand and entered a final judgment. [ECF No. 19]

Plaintiff then filed the instant unopposed motion for attorney's fees under the EAJA. [ECF No. 20].

II. DISCUSSION

A. Entitlement to Attorney's Fees and Costs

A prevailing party is not ordinarily entitled to recover attorney's fees from his or her opponent. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975).

However, the EAJA explicitly provides that "a court shall award to a *prevailing party* other than the United States fees and other expenses, in addition to any costs." 28 U.S.C. § 2412(d)(1)(A) (emphasis added).

The EAJA empowers the Court to grant "reasonable fees and expenses of attorneys." *McCullough v. Astrue*, No. 08-61954-CIV, 2009 WL 2461798, at *1 (S.D. Fla. Aug. 10, 2009) (quoting 28 U.S.C. § 2412(b)). The Court may award a prevailing plaintiff attorney's fees and expenses unless the Commissioner can show that her position "was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The Supreme Court has held that a plaintiff who obtains a sentence four remand is a prevailing party for purposes of a fee award. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (determining that remand under sentence four of 42 U.S.C. § 405(g) "terminates the litigation with a victory for the plaintiff"); *see also Boronat v. Sullivan*, 788 F. Supp. 557, 559-60 (S.D. Fla. 1992) (finding that remand under sentence four is a final judgment for purposes of filing a fee award under the EAJA).

Here, because Plaintiff obtained a sentence four remand, Plaintiff is the prevailing party for purposes of the EAJA. Further, Defendant does not dispute Plaintiff's request for attorney's fees. Thus, Plaintiff is entitled to receive attorney's fees under the EAJA.

### B. Amount of Attorney's Fees

The EAJA provides:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A); *see also Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation.").

Here, Plaintiff seeks an hourly rate of $234.95 for all hours of work. The cost-of-living increases for 2022 and 2023 are $232.13 and 237.5 respectively.[1] Thus, the Undersigned finds the hourly rates reasonable.

Plaintiff asserts that his attorneys expended 28.2 hours on his case. Plaintiff included in his motion timesheets documenting his attorney's activities. [ECF No. 20]. The Undersigned has reviewed the hours submitted in Plaintiff's petition and finds the time expended by Plaintiff's attorney to be reasonable.

---

[1] The adjusted rates were determined by first calculating the cost-of-living percentage increase by subtracting the March 1996 rate from the Annual Consumer Price Index ("CPI") 2022 and 2023 (when the work was performed) and dividing that number by the March 1996 rate. *See Barbee v. Berryhill*, 339 F. Supp. 3d 1262, 1279 n.4 (N.D. Ala. 2018). The cost-of-living percentage increase was then applied to the $125 statutory rate to calculate the adjusted hourly rate permitted by the EAJA. *Id.*; *see also* U.S. Bureau of Labor Statistics, CPI-All Urban Consumers (Current Series), http://data.bls.gov/cgi-bin/surveymost?bls.

Plaintiff also seeks $402.00 for the filing fee, which is recoverable. *See Lee v. Comm'r of Soc. Sec.*, No. 21-CIV-80677, 2023 WL 399804, at *3 (S.D. Fla. Jan. 10, 2023), report and recommendation adopted, No. 21-80677-CV, 2023 WL 399849 (S.D. Fla. Jan. 25, 2023) (awarding $402.00 filing fee because "the EAJA permits an award of costs" and the parties agreed to the recovery of this cost).

### III.   CONCLUSION

The Undersigned respectfully recommends that the District Court **grant** Plaintiff's motion for attorney's fees and award Plaintiff **$7,027.59** in attorney's fees and costs, contingent upon a determination by Defendant that Plaintiff owes no qualifying, preexisting debt(s) to the Government.

### IV.   OBJECTIONS

The parties will have two (2) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within two (2) days of the objection.[2] Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of

---

[2]    The Undersigned is shortening the objections period because Defendant does not oppose Plaintiff's fees and costs motion.

justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, Miami, Florida, on March 31, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All counsel of record